IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKETTA GRAHAM, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-3512-G-BH |
| | ) | |
| CITY OF DALLAS, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case was referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

## I.  BACKGROUND

On December 27, 2016, Laketta Graham (Plaintiff) filed this civil rights action under 42 U.S.C. § 1983 against the City of Dallas (City).  (*See* doc. 3; doc. 11 at 1.)[1]  She alleges that on August 30, 2015, an on-duty city worker sexually assaulted her.  The incident was reported to the police, and the worker pleaded guilty to sexual assault in a criminal case.  The worker is no longer employed by the City.  (*See* doc. 3; doc. 11 at 1-3.)  Plaintiff claims that the City violated her constitutional rights because she has a right to be free from sexual assault. (*See* doc. 11 at 1, 5.)  She specifically does not claim that the violation of her constitutional rights was the result of an official policy or custom of the City of Dallas.  (*See* doc. 11 at 5.)  She seeks monetary and punitive damages.  (*See* doc. 11 at 1, 6.)

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

under § 1915(e)(2).  Both § 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of her constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).  A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her

2

constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In *Spiller*, the Fifth Circuit found insufficient an allegation that "[the officer] was acting in compliance with the municipality's customs, practices or procedures." *Spiller*, 130 F.3d at 167. It has also found that a single incident is not enough to infer an official policy or custom. *See World*

*Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581.

Here, Plaintiff expressly confirmed that she does not allege that the violation of her constitutional rights was the result of an official policy or custom of the City, and she does not allege any persistent or widespread practice that caused the violation of her rights. (*See* doc. 11 at 5.) She has therefore failed to allege a constitutional violation by the City.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**SO RECOMMENDED on this 26th day of April, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE